UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

ERAN HIYA,                            :

             Petitioner,      :

                                :       25-CV-05712 (JAV)

      -v-                        :

                                :        ORDER

UNITED STATES OF AMERICA,     :

                              :

            Respondent.    :

                              :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is the Government's motion to maintain the redactions applied to the parties' filings at ECF Nos. 27, 31, and 36. ECF No. 29 ("Motion"). The redactions contain descriptions of two email communications, dated April 10, 2024, and May 11, 2024, between the United States Attorney's Office for the Southern District of New York and federal law enforcement officers. For the reasons that follow, the Motion is **GRANTED**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (citation omitted). Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citation omitted). Third, courts balance the presumption of judicial access

against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (cleaned up).

The motion to seal narrowly and appropriately seeks to protect information relating to preserving the effectiveness of law enforcement functions.  *See Brown v. Maxwell*, 929 F.3d 41, 47 & n.13 (2d Cir. 2019) (recognizing the avoidance of "impairing law enforcement" as a "higher value[]" (citations omitted)).  The Court finds that, in this instance, the interest in protecting this information outweighs the qualified First Amendment presumption of public access.  The motion to maintain the redactions contained in ECF Nos. 27, 31, and 36 is therefore **GRANTED**.

The Clerk of Court is directed to terminate ECF No. 29.

SO ORDERED.

Dated:  June 9, 2026
      New York, New York                  _____
                                   JEANNETTE A. VARGAS
                                   United States District Judge

2